IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

_____

| | |
|---|---|
| ADAM A MALIK, et al., | |
|     Plaintiffs, | |
| v. | Civil Action No. 4:21-CV-88-P |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al., | |
|     Defendants. | |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

Defendants respond to the allegations in the numbered paragraphs of plaintiffs' complaint (Doc. 1) as follows:

1. This introductory paragraph appears to set forth plaintiffs' characterization of principles believed by plaintiffs to be relevant to the case. To the extent any response is required, defendants have insufficient knowledge to admit or deny these matters and therefore deny them.

2. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

3. The first sentence is denied. With respect to the second sentence, defendants deny that the phone was ever "seized" (it was instead detained when presented at an international entry point for purposes of conducting a border search), admit that there was no warrant, have insufficient knowledge to admit or deny the

**Defendants' Answer to Plaintiffs' Complaint – Page 1**

allegations about the contents of the phone and therefore deny those, and otherwise deny this sentence.

4. With respect to the first sentence, defendants deny that they have already searched the contents of the phone or any remotely stored information. Defendants have insufficient knowledge to admit or deny the second sentence and therefore deny it. With respect to the third sentence, it is admitted that a representative of U.S. Customs and Border Protection reached out to plaintiffs on or before January 25, 2021, to discuss logistics of the possible filter review of material on the phone; otherwise, this sentence is denied, as are all other allegations in this paragraph.

5. This paragraph appears to set forth plaintiffs' characterization of the case and summarize the grounds for relief. To the extent any response is required, this paragraph is denied and it is denied that plaintiffs are entitled to any relief.

6. Admitted that 28 U.S.C. § 1331 supplies jurisdiction insofar as plaintiffs are complaining of matters arising under the laws or Constitution of the United States, and a waiver of sovereign immunity is available. Denied that there is any "final agency action" which would give rise to any claim or jurisdiction on that basis (presumably under the Administrative Procedure Act).

7. Admitted to the extent there is a proper jurisdictional basis for the claim and relief requested.

8. The first sentence is admitted. With respect to the second sentence, it is denied that defendants "seized" the phone—the phone was detained when presented at an international entry point for purposes of conducting a border search.

9. Defendants are not aware of any applicable administrative remedies that are a precondition to suit; on that basis, this paragraph is denied.

10. With respect to the first sentence, it is admitted that Adam Malik is a U.S. citizen, and it is further admitted that as of the date this answer is being filed, the State Bar of Texas's website does list an Adam Malik as an attorney eligible to practice in Texas. With respect to the second sentence, defendants do understand that Adam Malik was previously employed in some capacity within the U.S. Department of Homeland Security, but at this time defendants have insufficient knowledge to admit or deny any further specific aspects of this allegation (such as any position as a "DHS officer"), and therefore deny those.

11. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

12. Admitted.

13. Admitted.

14. Denied—the Secretary of Homeland Security is now Alejandro Mayorkas, who should be considered automatically substituted as the defendant pursuant to Rule 25(d).

15. Admitted.

16. Defendants have insufficient knowledge to admit or deny the first sentence and therefore deny it. With respect to the remaining sentences, it is admitted that the U.S. Department of Homeland Security and certain agencies within the department are tasked with enforcing immigration laws and providing immigration benefits, including

naturalizations.

17. The first sentence is admitted. With respect to the second sentence, it is admitted that the Secretary of Homeland Security and certain U.S Citizenship and Immigration Services officials were named as defendants in the referenced lawsuit, but this sentence is otherwise denied.

18. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

19. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

20. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

21. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

22. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

23. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

24. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

25. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

26. Defendants have insufficient knowledge to admit or deny this paragraph

and therefore deny it.

27. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

28. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

29. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

30. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

31. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

32. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

33. Defendants have insufficient knowledge to admit or deny the allegation about Adam Malik's reasons for applying for the Global Entry program, and therefore deny this allegation.  It is admitted that Adam Malik was initially approved for Global Entry on August 8, 2014, and that his application for renewal was approved on October 28, 2019.

34. It is admitted that Adam Malik was eventually granted participation in the Global Entry program after having been deemed to meet the necessary qualifications; otherwise this paragraph is denied.

35. It is admitted that Adam Malik presented himself for inspection at a U.S.

port of entry on January 3, 2021, as alleged in the first sentence.  Defendants otherwise have insufficient knowledge to admit or deny this paragraph and therefore deny it.

36. It is admitted that Adam Malik presented himself for inspection at a U.S. port of entry on January 3, 2021, as alleged in the first sentence.  With respect to the second sentence, the reference to being "rejected entry at the kiosk" is denied—a traveler is not deemed "rejected" by a kiosk; rather, the traveler can be referred upon entry for further review, and it is admitted that this did occur with respect to Adam Malik.

37. Denied.

38. It is admitted that Adam Malik was questioned by an officer, but this paragraph is otherwise denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted.

43. The first sentence is denied.  With respect to the second sentence, it is admitted that Adam Malik refused to provide the passcode to unlock the phone in order to conduct a border search at that time.

44. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

45. Denied—Adam Malik's refusal to provide the passcode to unlock the phone prevented it from being placed in airplane mode, but the phone was turned off and placed into an evidence bag to prevent access to the internet or any communications

network.

46. With respect to the first sentence, it is admitted that Adam Malik was not asked to disable connectivity of the phone; instead, this was accomplished as described in the preceding paragraph by turning off the phone and placing it into an evidence bag to prevent access to the internet or any communications network. Defendants have insufficient knowledge to admit or deny the allegations about whether Adam Malik would have placed the phone in airplane mode (which Adam Malik never communicated any desire to do) and therefore deny it.

47. Denied.

48. With respect to the first sentence, it is denied that the phone was "seized"— the phone was detained pursuant to the referenced directive. The second and third sentences of this paragraph are admitted.

49. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

50. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

51. It is admitted that the directive does not separately define the referenced terms within the four corners of the document, but it is denied that the terms are vague or capacious.

52. It is admitted that the directive generally authorizes an advanced search

when there is reasonable suspicion of activity in violation of the laws enforced or administered by U.S. Customs and Border Protection, or in which there is a national security concern, and a supervisor approves; otherwise this paragraph is denied.

53. It is admitted that the directive generally authorizes an advanced search when there is reasonable suspicion of activity in violation of the laws enforced or administered by U.S. Customs and Border Protection, or in which there is a national security concern; otherwise this paragraph is denied.

54. It is admitted that the directive generally requires supervisory approval for an advanced search when there is reasonable suspicion of activity in violation of the laws enforced or administered by U.S. Customs and Border Protection, or in which there is a national security concern, but further specifies that if supervisory presence is not practicable, the supervisor is to be notified about the search and any results thereof as soon as possible; otherwise this paragraph is denied.

55. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

56. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

57. The first sentence is denied insofar as defendants deny that permanent detention of a device or its data is authorized in this manner. With respect to the second sentence, it is admitted that probable cause can be generated through initial searches

performed at the border without any individualized suspicion or magistrate review.

58. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

59. It is admitted that the directive authorizes the transfer of electronic devices and information thereon to other government agencies without individualized suspicion under certain limited circumstances.

60. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

61. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

62. The first sentence is denied. With respect to the second sentence, it is admitted that this sentence generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

63. The first sentence is denied. With respect to the second sentence, it is admitted that this sentence generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety), although the "vaguely" characterization is denied.

64. The first sentence is denied. With respect to the second sentence, it is admitted that this sentence generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety),

65. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

66. Admitted that this paragraph generally summarizes the referenced portions of the directive (with the caveat that the complete directive should be consulted for a full and accurate description of its provisions in their entirety).

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. It is admitted that the phone is still in defendants' possession, but this paragraph is otherwise denied.

76. Denied.

77. Denied (including that defendants deny the phone was "seized").

78. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

79. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

80. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

81. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

82. Denied.

83. The first sentence is denied. With respect to the second sentence, defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it (particularly as the reference to the possibility of downloads occurring "during [the phone's] seizure" is vague and could potentially refer to downloads occurring while Adam Malik was being inspected but before the phone had been detained and placed into an evidence bag; defendants also deny that the phone was "seized").

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. It is admitted that Adam Malik sent an email on January 6, 2021, to the Assistant U.S. Attorney who had appeared for the defense in the *Rahim* suit, and that the email referenced an alleged seizure of privileged information; otherwise this paragraph is

denied.

89. Admitted.

90. Admitted.

91. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

92. Defendants have insufficient knowledge to admit or deny this paragraph and therefore deny it.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Defendants deny that plaintiffs are entitled to any fees or costs and otherwise have insufficient knowledge to admit or deny this paragraph and therefore deny it.

101. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

102. Denied.

103. Denied.

104. Denied.

105. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

106. Denied.

107. Denied.

108. Denied.

109. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

125. Denied.

126. Denied.

127. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

128. Denied.

129. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

136. Denied.

137. Denied.

138. Denied.

139. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

140. Denied.

141. Denied.

142. Denied.

143. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

144. Admitted.

145. Denied.

146. Denied

147. Denied.

148. Defendants incorporate their prior responses to the referenced paragraphs of the complaint as applicable.

149. Denied.

150. Denied.

"Prayer for Relief" section:  Defendants deny that plaintiffs are entitled to any relief, and defendants request judgment in their favor.

Unless specifically admitted herein, all allegations in the complaint are denied.

## Defenses

1. Plaintiffs fail to state any claim upon which relief can be granted.

2. Plaintiffs are not entitled to any aware of attorneys' fees or costs.

Respectfully submitted,

PRERAK SHAH
Acting United States Attorney

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney
Texas Bar No. 24060668
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone:   214-659-8626
Facsimile:   214-659-8807
brian.stoltz@usdoj.gov

Attorneys for Defendants

Certificate of Service

On March 29, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Brian W. Stoltz
Brian W. Stoltz
Assistant United States Attorney